STATE OF MARYLAND, use of the COUNTY COM-
MISSIONERS OF BALTIMORE COUNTY *vs.* JOSHUA
HORNER.

*Collector of Taxes—Surety—Sufficiency of the Dec-
laration in a Suit on a Collector's bond—Estoppel
—Insufficient grounds for Demurrer to a Decla-
ration — Legal intendment — Distinction between
what is merely Directory and what is of the Es-
sence of a thing required to be done by a Statute.*

In an action on the bond of a collector of county taxes, against a surety
therein, a declaration, after setting out the making of the bond, its date
and amount, averred that " it was and is subject to a certain condition
thereunder written in words and figures following, that is to say : The
condition of the above obligation is such that if the above bound B,
(who has been appointed collector for the collection of county taxes for
the eleventh collection district of Baltimore county, and has accepted
the same,) shall well and faithfully execute his said office," &c. The
declaration further averred that the tax bills were duly placed in the
hands of B, " *as collector aforesaid,* for collection." HELD :

1st. That the fact of the appointment of B as collector was sufficiently
averred in the declaration.

2d. That by the recital in the bond of the appointment of the collector,
the obligor in the bond was estopped from denying the fact of such ap-
pointment.

3d. That the omission to aver in the declaration *when* B was appointed
collector, and *when* the levies were made in each year, furnished no good
ground for demurring to the declaration ; the law intending that what
is done by the County Commissioners is rightly done, without express
averment to that effect, the contrary not appearing.

4th. That the statutory requirement as to the time of making the levy and
appointing the collector, is directory only, with respect to the particular
day on which the duty is to be performed ; and the action of the County
Commissioners will be legal and binding, although done on some other
day.

APPEAL from the Baltimore City Court.

This was an action of debt on three several bonds of William Button, as collector of county taxes for the eleventh collection district of Baltimore county, for the years 1864, 1865 and 1866 respectively. The action was against the appellee as one of the sureties in each of the bonds. The declaration contained three counts. The defendant demurred generally to each count. The Court (SCOTT, J.,) sustained the demurrer, and gave judgment for the defendant.

From this judgment the plaintiff appealed.

The cause was agued before BARTOL, C. J., STEWART, BRENT, MAULSBY, GRASON, MILLER, ALVEY and ROBINSON, J.

*Arthur W. Machen,* for the appellant.

The statutory directions of the Code of Public Local Laws, Article 3, section 65, and of the Act of 1865, ch. 96, section 1, as to the time for the levy, and of the Acts of 1862, ch. 159, section 3, 1865, ch. 96, section 2, and 1865, ch. 102, section 1, as to the time for the appointment of the collector, while mandatory, are not restrictive of the power or jurisdiction of the County Commissioners in the premises. The exercise of such a power is imperative; the provision as to the particular day to exercise it, is but directory. *State ex rel. Webster vs. County Commissioners Baltimore County,* 29 *Md.,* 516; *Mayor and City Council of Baltimore vs. Marriott,* 9 *Md.,* 160; *McCauley vs. The State,* 21 *Md.,* 556; *State vs. Milburn,* 9 *Gill,* 103; *U. S. vs. Maurice, et al.,* 2 *Brock.,* 96; *United States vs. Tingey,* 5 *Peters,* 128.

The defendant is estopped from making the objection by the recitals of the bonds. *Billingslea vs. The State,* 14 *Md.,* 375; *Milburn vs. The State,* 1 *Md.,* 12; *Inhabitants of Trescott vs. Moan,* 50 *Maine,* 347; *Lyndon vs. Miller,* 36 *Vermont,* 329.

State, use of Co. Com. of Balt. Co. vs. Horner.

Each of the counts of the declaration, by averments quite sufficient upon general demurrer, state that the collector was duly appointed, and that the levies were validly made; and that the sums of money severally specified came duly into the collector's hands; and, upon demurrer, it is not to be intended that the County Commissioners acted in a manner not in accordance with law. *Fridge vs. The State,* 3 *G. & J.,* 113, 114.

*S. Teackle Wallis,* for the appellee.

The declaration was defective, and the demurrer thereto was properly sustained for the following reasons:

1st. Because it did not allege that Button had been appointed collector. A recital in the bonds that he had been so appointed might make them sufficient proof of the fact of his appointment. An averment, however, of that fact would still be necessary. The averment of other facts which would constitute proof of it, is not sufficient. *State vs. Gaither,* 11 *G. & J.,* 160, 172, 173; *Turner vs. Walker,* 3 *G. & J.,* 377, 388, 389; *Howard vs. Wil. & Susq. R. R.* 1 *Gill,* 340, 341; *Gould's Pleading,* 152; 3 *Robinson's Prac.,* 484; *Bennett's Ex'r vs. Lloyd,* 6 *Leigh,* 318.

The declaration, however, does not even aver that the bonds recite that fact. It says, parenthetically, " who has been appointed collector, etc.," not that the bonds so recite.

2d. It ought to have alleged *when* Button was appointed, so that the appellee could take issue of fact as to the truth of the allegation, or of law as to the sufficiency of it. If he was appointed at a time, or in a manner not authorized by law, the appointment was void, and the bonds of the appellee are not responsible.

3d. It ought also to have alleged that the taxes were levied, and *when* and by *whom* the levies were made. The bonds were not liable for taxes levied at times or in a manner not authorized by law. *Ellicott vs. Levy Court,* 1 *H. & J.,* 359; *Quynn vs. State,* 1 *H. & J.,* 36; *State vs. Merryman,* 7 *H. & J.,* 79; *State vs. Dorsey,* 3 *G. & J.,* 75, 90.

4th. The clerk of the County Commissioners was required to deliver to the collector a fair copy of the assessments within ten days after they were made. *Code of Pub. Gen. Laws, Art. 81, secs. 42, 43.*

Unless these things were all done, the responsibility of the sureties on the bonds in reference to the taxes did not accrue; without an *averment* that they had been done, the declaration was defective. *Code of Pub. Gen. Laws, Art. 75, sec. 2.*

BARTOL, C. J., delivered the opinion of the Court.

The question raised by the demurrer is the sufficiency of the declaration. This contains three counts upon the several bonds given by William Button, as collector of county taxes for the eleventh collection district of Baltimore county, in the years 1864, 1865 and 1866.

The appellee is sued as one of the sureties in each of the bonds. Without setting out the declaration here at length, it will be sufficient to notice the points in which it is alleged to be defective, they are as follows:

1st. Because it does not distinctly allege that Button had been appointed collector.

2d. It does not allege *when* he was so appointed.

3d. It does not allege *when* the levy in each year was made, whereas it ought to appear affirmatively that it was made at a time authorized and prescribed by law.

4th. In the first count it is alleged that the bond was given on the 5th day of April, 1864, whereas by the law as it then existed, the commissioners were required to make the levy on or before the first day of March, and to appoint the collectors on the first Tuesday of March. In the second and third counts the bonds are alleged to have been given, one on the 26th day of April, 1865, and the other on the 13th day of April, 1866, when it was the duty of the commissioners to make the levy on or before the 1st day of May, in each year, and to appoint the collectors on or before the first Tuesday in May, and the collector was required to give bond within ten

days from the date of appointment. *Code, Art.* 3, *secs.* 56, 65; *Supplement to Code, p.* 360, *sec.* 56, (*Act of* 1865, *ch.* 102;) *and p.* 361, *sec.* 65, (*Act of* 1865, *ch.* 96, *sec.* 1.)

These alleged defects in the declaration are urged by the appellee as fatal on demurrer. They will be briefly examined.

1st. We think the appointment of Button as collector is sufficiently alleged. After setting out the making of the bond, its date and amount, it is averred that "it was and is subject to a certain condition thereunder written in words and figures following, that is to say: The condition of the above obligation is such that if the above bound William Button (who has been appointed collector for the collection of county taxes fort he eleventh collection district of Baltimore county, and has accepted the same) shall well and faithfully execute his said office," &c., &c. In our opinion this is a sufficient averment of the fact of his appointment. But the declaration further avers that the tax bills were duly placed in his hands "*as collector aforesaid*" for collection. The bonds themselves are produced in Court, with the declaration containing the recital of the fact of his appointment, which estops the obligors in the bond from denying the fact of such appointment as was decided in *Milburn vs. The State*, 1 *Md.*, 12, and *Billingslea vs. The State*, 14 *Md.*, 369.

2d. With respect to the omission to aver when Button was so appointed, and when the levies were made in each year; we think these furnish no good ground for demurrer. Several answers may be made to these objections. In the first place the declaration by apt and sufficient averments, states that the collector was duly appointed, that the levies were validly made, the tax bills duly placed in his hands for collection, and that the sums of money severally specified came into his hands as collector. Now the legal intendment is that the County Commissioners acted according to law; that what was done was rightly done, without express averment to that effect, the contrary not appearing. *Fridge vs. The State*, 3 *G. & J.*, 113, 114. But another and more conclusive answer to

Moses *vs.* Franklin Bank of Balt.

these objections is that the statutory directions as to the time of making the levy and appointing the collector are directory only, with respect to the particular day on which the duty is to be performed.   The statute imperatively requires the performance of the duty, but the designation of the time is not of the essence of the thing, nor restrictive of the power and jurisdiction of the County Commissioners, and their action will be legal and binding although done on some other day. We consider the case falls within the principles laid down in *The State vs. County Commissioners,* 29 *Md.,* 517, and we refer to the opinion of the Court in that case and the authorities therein cited.

In our judgment the declaration in this case is sufficient, and there was error in sustaining the demurrer.   The judgment will therefore be reversed and the cause will be remanded to the City Court, so that the parties may proceed therein.

*Judgment reversed.*