## MAYOR AND CITY COUNCIL OF HAVRE DE GRACE ET AL. v. J. WILLIAM BAUER ET AL.

*Municipal Corporation—Tax Levy Ordinance—Requisites as to Vote—Majority of Council—Validation of Previous Action—Fiscal Year.*

Section 352 of the charter of Havre de Grace (Laws 1916, ch. 680), giving the mayor the right to vote in case of a tie vote in the city council, does not apply to ordinances, in view of section 301, providing that a majority of all members elected to the council shall be necessary to pass any ordinance.

pp. 525, 526

Since section 308 of the charter provides that the mayor and city council may pass ordinances to levy taxes, and section 301 requires a majority of all members of the council to pass an ordinance, such majority is necessary to a levy of taxes, even if the levy takes the form merely of a resolution.    pp. 525, 526

The approval by the city council of the minutes of a previous meeting does not validate an invalid resolution passed at such meeting, it involving merely a certification that the minutes are correct.                                         p. 527

Where the approval of the minutes of a previous meeting requires less than a majority of the city council, such approval, not shown to be by such majority, could not validate a resolution adopted at the previous meeting, which was invalid because not adopted by such majority.                         p. 527

An ordinance levying a tax must be passed within the fiscal year for which the levy is made.                         p. 527

For the purpose of taxation, and of the question whether an ordinance levying a tax was passed within the fiscal year, such year should be treated as coincident with the annual period for which each tax levy makes provision, although the budget estimates, without any charter requirement to that effect, recognize another period as constituting the fiscal year.         p. 528

## 522  HAVRE DE GRACE v. BAUER.

The power of taxation conferred upon a municipality by its charter is presumed to have been validly exercised, unless the illegality of its action is clearly apparent.　　　p. 528

*Decided March 4th, 1927.*

Appeal from the Circuit Court for Harford County, In Equity (HARLAN, J.).

Bill by J. William Bauer and others against the Mayor and City Council of Havre de Grace and others. From a decree granting an injunction as prayed, defendants appeal. Reversed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Frederick Lee Cobourn,* for the appellants.

*A. Freeborn Brown* and *John S. Young,* for the appellees.

ADKINS, J., delivered the opinion of the Court.

In their bill of complaint, filed February 25th, 1926, certain taxpayers of the City of Havre de Grace prayed for an injunction to restrain LeRoy McMaster, treasurer of said city, from advertising them, or any of them, as delinquent taxpayers for the year 1925, and from further proceedings to collect taxes from them, or any of them, for said year; and to restrain the Mayor and City Council of Havre de Grace, and George T. Pennington, mayor of said city, and the city councilmen (naming them), from requiring the said treasurer to so advertise and to prosecute such proceedings. This appeal is from a decree granting the injunction. The contention of plaintiffs is that no tax rate was validly fixed and no assessment validly made for that year.

The charter of said city is contained in sections 276 to 402 inclusive of chapter 680 of the Acts of 1916, and chapter 482 of the Acts of 1924, amending section 308 of chapter 680 of the Acts of 1916, as amended by chapter 464 of the Acts of 1920.

By section 308 it is provided: "They may pass ordinances * * * to levy and collect a tax on the assessable property of said city, as may be necessary to pay the interest on the city bonds and to provide a sinking fund for their redemption at maturity * * * for the assessment from time to time of all kinds of property and securities in said city on which state or county taxes are or may be levied, and for the levy and collection of a tax thereon for the general purposes of the corporation not exceeding in any one year one dollar and fifty cents to every one hundred dollars of assessable property * * *."

By section 301: "The passage of all ordinances shall be by 'yeas' and 'nays,' entered on the journal of said Council, and a majority of all members elected to said body shall be necessary to pass any ordinance."

By section 298: "The City Council shall consist of six members * * *."

By section 351: "Four members of the City Council shall constitute a quorum for the transaction of business, and the Council shall pass all needed rules for their government while in session."

By section 352: "In case of a tie vote in the City Council upon any question whatever, the mayor shall have the right to vote, and shall decide the question in dispute."

By section 321: "The Mayor and City Council shall annually, before the first day of July, levy such sum as they may deem sufficient to meet the running expenses of the city for the current fiscal year, and any additional sum necessary to pay interest on the debt or any other outstanding obligation of the city. * * *"

It appears from the minutes that on June 1st, 1925, at a regular meeting of the council, at which the mayor presided, and at which four councilmen were present, Mr. Davis, one of the councilmen "asked leave to introduce an ordinance and, on motion of Messrs. Lawder and Atkinson, same being granted, an ordinance fixing the tax rate for the year 1925 and 1926 was given its first reading, after which on roll call

unanimously passing same, on motion Messrs. Davis and
Lawder that the rules be suspended and the ordinance was
given its second and final reading, after which on roll call
showed the following vote: Messrs. Atkinson, Davis and
Lawder voting 'Yea' and Mr. Klair voting 'Nay.'

"The Mayor submitted the following recommendations
and expense budget covering the same for the fiscal (year)
ending March 31st, 1926" (Here follows the budget and
recommendations.) "After the reading of the budget the
following resolution was offered: 'Be it resolved by the Mayor
and City Council this first day of June, 1925, that the
Mayor's budget as submitted be and the same is hereby
adopted by the Mayor and City Council as said budget is
set forth. And be it further resolved that the tax rate for
the fiscal year 1925-26 be $1.15 on the hundred dollars. As
witness the hand of the Mayor with the seal of the city
affixed and duly attested by the city clerk. Approved June
1st, 1925. George T. Pennington, Mayor. A. H. Wood,
City Clerk. (Seal of the city).'

"And on motion Messrs. Lawder and Atkinson was de-
clared passed by the following votes: Messrs. Atkinson, Davis
and Lawder voting 'Yea' and Mr. Klair voting 'Nay.' "

And it appears from the minutes that at the next regular
meeting, on June 15th, 1925, the "Council met in regular
session, Mayor Pennington presiding, with Councilmen At-
kinson, Burns, Davis, Klair, Lawder and Gilbert present.
Minutes of last regular meeting, held June 1st, 1925, read
and approved as read." "Mr. Gilbert asked leave to intro-
duce ordinance and on motion of Messrs. Burns and Lawder
same being granted, an ordinance made up of a budget and
tax rate to cover same was given its first reading, and a roll
call failed to pass and same was declared lost."

On May 27th, 1926, defendants asked leave to file supple-
mental answer, stating that since the filing of answers "The
Mayor and City Council of Havre de Grace, in regular ses-
sion, has passed, in regular manner and form, an ordinance
confirming the previous action of the said Mayor and City

Council, and has by said ordinance definitely fixed the tax rate for the year 1925-1926"; and on leave granted, filed said supplemental answer with said ordinance as an exhibit. The ordinance, passed and approved May 17, 1926, is entitled "An ordinance to confirm the previous action of the Mayor and City Council and to establish the tax rate for the year 1925-1926."

It recites that the Mayor and City Council of Havre de Grace, at the meeting on June 1st, 1925, by resolution, fixed the tax rate for the year 1925-1926; and that the action of the Mayor and City Council in fixing the tax rate on said date, by resolution, has been called in question, and ordains that said action "be and the same is hereby ratified and confirmed," and further ordains "that the tax rate for the year 1925-1926 be and the same is hereby fixed at $1.15 on each $100 of assessable property on the assessment books of said city"; and that the ordinance take effect from the date of its passage.

It is conceded by defendants that the ordinance offered on June 1st, 1925, failed of passage because it did not receive the votes of a majority of the councilmen elected, in accordance with the requirement of section 301. But they contend that the resolution of that date, having received a majority of a quorum, was passed. Their argument is that the provision in section 308 that the Mayor and City Council may pass ordinances to levy and collect a tax, etc., is directory only, and that section 321 definitely commits the levy to the Mayor and City Council. This reasoning is based on the fact that in that section the word "they" is used in referring to "the Mayor and City Council," and not "it," indicating, it is contended, that the intent of that section is to commit "to the joint branches of the city government the right to determine the amount of the levy in each year, and the means of carrying the mandate of section 321 into effect"; in other words, that this function of the city government is among those intended to be exercised under the provisions of sections 351 and 352. The language of section 352 is broad

enough, except for section 301, to include a vote upon the
matter of levying taxes; for, in terms, it provides that the
Mayor shall have the right to vote in case of a tie vote in
the City Council upon "any question whatever." But it
could not have been intended to apply to ordinances, as such
construction would be in conflict with the provision of sec-
tion 301 that "a majority of all members elected shall be
necessary to pass an ordinance," which excludes the possi-
bility of a tie vote. Under the well-known rule of construc-
tion, that a statute should be so construed as to give effect,
if possible, to all its provisions, the two sections may be
harmonized by reading into section 352, after the words
"any question whatever," the words, "which may be decided
by a majority of a quorum."

Indeed, it is not contended that section 352 has any refer-
ence to ordinances. But the contention is that because the
enactment was given the form of a resolution the require-
ments for an ordinance were avoided.

The real question is not one of form, but of substance.
When the legislature gave the municipality express power
to levy taxes by ordinance, and indicated no other way, it is
not to be so supposed that it had in mind merely the form of
the enactment; but rather the requirements attached to that
form, viz: the assent of a majority of the elected members of
the Council. We understand that the objection urged by
plaintiffs to the legislation is, not so much that it is called
a resolution as that it was not passed by the requisite vote.

We do not find much force in defendant's argument as to
the significance of the use of the word "they" in section 321.
It does not seem to us to be anything more than the common
use of the plural pronoun in connection with a collective
noun, just as one sometimes speaks of "a people," or the
United States, as "they." Or, possibly, the word may reflect
the idea of the Mayor's veto power, or of his association with
the Council as presiding officer. To attribute to it greater
significance would be to practically nullify the only express

provision in the Charter (that contained in section 308) conferring the power to levy taxes.

It is to be noted that the expression in section 321 is "The Mayor and City Council," the corporate title, and not the "Mayor" and the "City Council." That section contains a direction to the municipality as to the time of exercising one of the powers conferred by section 308.

An alternative contention of defendants is that the resolution, if invalid, was validated by the approval at the next meeting of the Council on June 15th of the minutes of the meeting of June 1st recording said resolution as passed by the vote of three of the four members then present. The fallacy of this argument is two-fold.

(*a*) It overlooks the fact that ordinarily the approval of the minutes of a meeting is nothing more than a certification that they are a correct record of the things that were done at the meeting, and not an approval of those things. 28 *Cyc.* 354.

(*b*) That the approval of minutes may be by the votes of less than a majority of the elected members. There is certainly nothing in the record to show that there was any intention on the part of such majority to ratify an invalid act. 28 *Cyc.* 376.

Finally, it has been contended that any defect that may still have existed in the resolution was cured by the ordinance of May 17th, 1926. Whether that contention can be sustained depends upon whether the ordinance was passed within the fiscal year for which the levy was made. *Commrs. of Public Schools v. Commrs. of Allegany County,* 20 Md. 449; *Ballo., C. & A. R. Co. v. Wicomico County,* 93 Md. 122; 28 *Cyc.* 1691.

The fiscal year is not explicitly fixed by the charter nor by any by-law of the city, and from various provisions in the charter appellants and appellees deduce different conclusions.

Section 300 provides that "the Mayor shall annually, on the first Monday in April, report to the Council in writing the general state of the city with an accurate account of money received and expended" etc., from which appellees argue that

the year begins either on the first day or the first Monday of April; and they call attention to the fact that the Mayor's budget, offered in evidence by appellants, recognizes the fiscal year as ending on March 31st. On the other hand appellants stress the provisions of section 306 requiring the Mayor to appoint a treasurer annually before the first Monday in June; and of section 320 requiring the treasurer at the expiration of his term to make a full statement to and settlement with the Mayor and City Council; and of section 321 requiring the Mayor and City Council annually, before the first day of July, to levy such sum as they may deem sufficient to meet the running expenses of the city for the current fiscal year etc.; which sections, appellants argue, clearly show the intention that the tax years shall begin with the date of the levy.

There can be no doubt that the taxes intended to be levied by the resolution of June 1st, 1925, which the ordinance of May 17th, 1926, sought to validate, were designed to meet the administrative expenses of the municipality for the ensuing year. While the budget estimates were made with reference to the 31st of March, there was no such requirement in the municipal charter. The tax levy in each year was expected to produce sufficient funds to conduct the government of the town until the proceeds of the next tax levy should become available. For the purposes of taxation, and of the question now to be decided, the fiscal year of the municipality should be treated as coincident with the annual period for which each tax levy makes provision. As the validating ordinance was passed within the year succeeding the date of the levy to which it referred, we think it should be held to have effectually accomplished the purpose to which it was directed. It is our duty to presume that the power of taxation conferred upon the municipality by its charter has been validly exercised, unless the illegality of its action is clearly apparent. *State v. Horner,* 34 Md. 569, 570. The validity of its efforts to provide for its current expenses by the tax levied for the year under consideration is sustainable, in our opinion, upon the theory we have indicated.

*Decree reversed, with costs, and bill dismissed.*