In the Matter of Nathan LIGHT, a/k/a Nate Light, a/k/a Sam's Oak Park, Sam's Fruit Market, Sam's Market, and Sam's Fruit Market, Inc., a Michigan corporation, Debtor,

Fred J. DERY, Trustee of Debtor, Plaintiff,

v.

CITIZENS INSURANCE COMPANY OF AMERICA, a Michigan domestic insurance association, and Massachusetts Bay Insurance Company, a foreign insurance association, Defendants.

Bankruptcy No. 81–07200–W.
Adv. No. 82–1166.

United States Bankruptcy Court, E. D. Michigan, S. D.

Oct. 7, 1982.

---

**36.** *See Price v. Gurney*, 324 U.S. 100, 107, 65 S.Ct. 513, 516, 89 L.Ed. 776 (1945).

**37.** *Id.* at 106, 65 S.Ct. at 516.

Cyril Abramson, Troy, Mich., for debtor and trustee.

James A. Thorpe, Southfield, Mich., for defendant Citizens Ins. Co.

## MEMORANDUM OPINION AND ORDER

### GEORGE E. WOODS, Bankruptcy Judge.

This matter is before the Court on the motion of the plaintiff-trustee for summary judgment.

The matter arises out of a fire loss by the debtor, Sam's Fruit Market, Inc. (Sam's Market). Sam's Market was a Michigan corporation owned and operated by Nathan Light and his wife. It was engaged in the retail sale of fruit at leased premises located in Oak Park, Michigan, and was insured against fire loss by defendant Citizens Insurance Company of America (Citizens) in the face amount of $100,000.00.

The questioned fire occurred on October 26, 1981, and there is a factual dispute as to whether Nathan Light intentionally "torched" the building causing the loss. The amount of the loss, as stipulated to by the parties, is $74,000.00.

On December 16, 1981, defendant was forced into involuntary bankruptcy, a trustee being appointed February 17, 1982.

The sole issue before the Court is whether the defense of arson asserted by Citizens is valid against the trustee. The defendant insurance company asserts that any intentional act of Nathan Light in setting the fire responsible for the loss constitutes a complete bar to recovery by the trustee

under the policy. The plaintiff-trustee contends that even if Mr. Light intentionally set the fire, he is entitled to recover for the insured loss.[1]

The right to recover on an insurance policy is determined by the rights provided by the contract of insurance. *Morgan v. Cincinnati Insurance Company,* 411 Mich. 267, 274, 307 N.W.2d 53 (1981). The standard fire insurance policy prescribed by statute states:

> This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.

M.C.L.A. § 500.2832; M.S.A. § 24.12832.[2]

Additionally, there exists a well recognized implied exception to insurance company liability which provides:

> ... [I]nsurance contracts do not cover economic detriment that is not fortuitous from the point of view of the person (usually the insured) whose detriment is asserted as the basis of the insurer's liability. For example, a loss is not fortuitous in this sense if caused intentionally by that person.

*American Economy Insurance Company v. Liggett,* 426 N.E.2d 136, 141 (Ind.App.1981), quoting, *Keeton,* Ins. Law Section 5.3(a) (1971).

Implied exceptions are forged by the heat of public policy. Objectives served by implied exceptions in insurance cases include: (1) preventing profit from wrongdoing; (2) deterring crime; (3) avoiding fraud against insurers; and (4) maintaining coverage of a scope consistent with the reasonable expectations of the contracting parties. *See Liggett,* 426 N.E.2d at 141.

---

1. A future trial is to be held on the issue of arson. Mr. Nathan's responsibility for the October 26, 1981 fire is assumed only for purposes of the present motion.

2. The standard fire insurance policy language is incorporated into the policy at issue via form MLB-741A.

■ Application of the public policy considerations enumerated support the implication of an exception from coverage in the present case. Were the Court to adopt the trustee's argument, a debtor in dire financial straits need only set fire to his business, file for or be forced into bankruptcy, and wait for his creditors to collect from the insurer. It cannot be maintained that such coverage would be consistent with the reasonable expectations of the contracting parties. Furthermore, it encourages the debtor, seeking to provide additional moneys to his creditors, to commit arson and fraud. Finally, to the extent it enables the debtor to provide a windfall to his creditors, such coverage allows a debtor turned felon to profit from his own wrongdoing.

The trustee seeks to remove the present case from the application of the enumerated principles by arguing that any recovery will inure not to the benefit of the insured bankrupt, but rather to the creditors. In effect, the trustee asserts that he acts in the capacity of an innocent co-insured.

In support of his argument, the trustee relies on divergent lines of authority. The first position holds that the willful burning of property by a corporate officer, employee or stockholder is not, per se, a defense against the collection of insurance by the corporation. *See e.g., Annotation:* "Fire Insurance on Corporate Property as Affected by Its Intentional Destruction by a Corporate Officer, Employee or Stockholder", 37 A.L.R.3d 1385, 1387 (1971). A second position holds that the fraud of a husband in setting a fire does not bar recovery of insurance proceeds by the wife. *Liggett,* 426 N.E.2d at 138; *Morgan,* 411 Mich. at 273, 307 N.W.2d 53.

■ The Court finds the cases relied upon by the trustee to be factually distinguishable from the case at bar. First, where the majority shareholder of a corporation having absolute control of its affairs

sets fires to its property, the corporation is not allowed to recover on its insurance policy. *See,* 37 A.L.R.3d at 1387; *Erlin, Lawler Enterprises, Inc. v. Fire Insurance Exchange,* 267 Cal.App.2d 381, 73 Cal.Rptr. 182, 185 (1968). Second, a trustee in bankruptcy, unlike a spouse, is not an independent co-insured under a policy of insurance. Rather, the bankruptcy trustee takes his interest in the insurance policy pursuant to the interest of the debtor—"standing in the shoes", as it were.[3]

The beneficiary of a life insurance policy who murders the insured is, as a matter of public policy, denied the recovery of insurance proceeds. Similarly, the arsonist whose business is failing must not be allowed as a matter of policy to solve his dilemma by setting a fire. *Liggett,* 426 N.E.2d at 140.

Any intentional act of the debtor in setting the fire responsible for the loss at issue constitutes a complete bar to recovery by the trustee under the policy. Plaintiff's motion for summary judgment is denied.

So ordered.

---

**3.** During oral argument, the attorney for the trustee asserted that page 20, paragraph 11, of the policy directly applied to the trustee. The Court finds the argument to be without merit. There is no indication that paragraph 11 applies to a trustee in bankruptcy. Moreover, paragraph 11 is triggered only in those instances where a mortgagee has been designated in the declaration.