**In re Henry Lee FEIEREISEN, aka Hank Feiereisen, Debtor.**

**UNIGARD MUTUAL INSURANCE COMPANY, Plaintiff,**

v.

**Thomas J. O'DWYER, Trustee, Defendant.**

**Bankruptcy No. 681–05498.**
**Adv. No. 684–6034.**

United States Bankruptcy Court, D. Oregon.

Dec. 30, 1985.

James T. Walter, Bullivant, Houser, Bailey, Pendergrass, Hoffman, O'Connell & Goyak, Portland, Or., for plaintiff.

Donald H. Landes, North Bend, Or., for defendant.

MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Bankruptcy Judge.

This matter comes before the court on the parties' cross motions for summary judgment in an adversary proceeding commenced by the insurer of certain real property of the estate to determine its liability under a fire insurance policy. After reviewing the stipulations and memoranda filed and having heard the argument of counsel herein, this court finds in favor of defendant, thus, affirming plaintiff's liability under the terms of the policy.

Plaintiff commenced this adversary proceeding to determine its obligation, if any, to the defendant-trustee, under the terms of a fire insurance policy it has issued, insuring real property and improvements that are property of the estate. Plaintiff contends that intentional wrongdoing, committed by the debtor, is attributable to the defendant for the purpose of any claim made by the defendant on the insurance policy and operates to bar any recovery by defendant thereon. Defendant-trustee, has filed an answer and counterclaim seeking to collect the proceeds of the insurance policy for the benefit of the estate, the imposition of a constructive trust upon the insurance policy in favor of the defendant, reformation of the insurance policy to show the defendant as named insured and for defendant's attorney's fees incurred in this adversary proceeding. The issue raised by plaintiff, in its complaint, is submitted to the court upon stipulated facts. The parties have reserved the issue of the amount to be awarded to the defendant on his counterclaim, (if he prevails) and the issue of whether or not the insurance policy, issued by the plaintiff, provides coverage for the property of Hank's Print Shop, Inc., a related bankruptcy case, Case No. 681–05499.

The following facts are established by the stipulation of the parties. The debtor and Hank's Print Shop, Inc. filed voluntary petitions for relief under Chapter 7 of 11 U.S.C. (the Bankruptcy Code) on May 1, 1981. The cases were converted to cases under Chapter 11 of the Bankruptcy Code on June 1, 1981 and then back to cases under Chapter 7 on May 25, 1982. The defendant is the duly appointed, qualified and acting trustee herein. At the time of the original filing and the dates of conversion, the debtor owned, in his individual name, certain real property, commonly referred to as 505–525 N. Ellensburg, Gold Beach, Oregon, together with improvements situated thereon and personal property contained therein. The improvements and personal property were destroyed by fire on December 12, 1982. The debtor was subsequently convicted of the crime of arson in the Circuit Court for the State of Oregon for Curry County for having intentionally caused this fire. At the time of such fire, the debtor was the named insured, under plaintiff's contract of insurance number MP518689, insuring the named insured's interest in the subject real property and improvements against loss by fire. Plaintiff first had actual knowledge of the bankruptcy proceedings involving the debtor on February 17, 1982, when plaintiff received a report, concerning debtor's bankruptcy, from an unrelated third party. The debtor has made intentional and material misrepresentations in the presentation of his claim under the insurance policy. Defendant has made a claim for loss under the policy for the benefit of the estate. Non-exempt assets of the estate were used to pay the premiums due on the insurance policy from the date of reconversion to Chapter 7 to the date of loss by payment to a premium financing company unrelated to plaintiff. Plaintiff has denied the claims of both the debtor and trustee-defendant. More than six (6) months have elapsed since plaintiff was made aware of such claims. Although not specifically contained in the stipulation of fact, the parties have represented to the court that the debtor has some claim to a portion of the insurance proceeds, if payable, by virtue of certain exemption rights which he has claimed in and to the subject real property and improvements. It has also been represented to the court that the defendant-trustee disputes such claim.

As stated above, plaintiff contends that it has no liability to the defendant under the terms of its insurance policy. It cites general provisions of law and public policy that prohibit recovery, under a policy, by a wrongdoer. Plaintiff maintains that debtor's intentional wrongdoing is attributable to the defendant-trustee, affording plaintiff a complete defense to payment under the policy. This contention is based upon the position taken by plaintiff that the insurance policy is a personal contract between the parties and cannot be assigned without the consent of the insurer. Although plaintiff concedes that the defendant acquired an interest in the policy pursuant to 11

U.S.C. § 541, plaintiff argues that the trustee does not become the named insured under the policy, the debtor remains as the named insured. The trustee stands in the shoes of the debtor in asserting a claim under the policy and any defenses that would be available to plaintiff on a claim made by the named insured are available to plaintiff on a claim made by the trustee. Plaintiff relies heavily upon *Dery v. Citizens Insurance Company of America, (In re Light)*, 23 B.R. 482 (Bankr.E.D.Mich. 1982). In addition, plaintiff relies upon the provisions of its policy and ORS 743.609 prohibiting the assignment of a fire insurance policy without the written consent of the insurer.

Defendant argues that he succeeds to the debtor's interest in the debtor's property as of the date of reconversion and that subsequent acts of wrongdoing by the debtor are not attributable to him, nor do they bind the estate. The trustee should be allowed to recover for the loss of estate property under the terms of the insurance policy.

■ Plaintiff's reliance upon non-assignment provisions in its policy, ORS 743.-609 and the *Light* case are misplaced. ORS 743.609 provides in pertinent part as follows:

A fire insurance policy shall contain provisions as follows: ... "Assignment of this policy shall not be valid except with the written consent of this company ..."

11 U.S.C. § 541, however, provides in pertinent part that:

(a) The commencement of a case ... creates an estate. Such estate is comprised of all the following property, ...
(1) ... all legal and equitable interests of the debtor in property as of the commencement of the case ... (6) Proceeds, ... of or from property of the estate, ...

Pursuant to 11 U.S.C. § 323, the trustee is the representative of the estate created by the operation of 11 U.S.C. § 541. Thus, the debtor's interest in the insurance policy passed, by operation of law, to the estate no later than the date of reconversion. *Johns-Manville Corp. v. The Asbestos Litigation Group, (In re Johns-Manville*

*Corp.)*, 11 B.C.D. 1002, 33 B.R. 254 (Bankr. S.D.N.Y.1983). Since this is an involuntary transfer that takes place by operation of law, a prohibition against assignment of the policy contained in the insurance policy or state law is not violated, *Couch on Insurance*, 2d (Rev.Ed.) § 63A:56 (1983).

■ The trustee, as representative of the estate, acquired the rights of the debtor in the insurance policy issued by plaintiff, subject to all defenses and obligations that may have existed at the time the estate was created. *In re Vaughn*, 462 F.Supp. 1052 (N.D.Texas 1978). *Dery v. Citizens Insurance Company of America, (In re Light)*, 23 B.R. 482 (Bankr.E.D.Mich.1982). After the creation of the estate, however, the trustee acts as its representative pursuant to 11 U.S.C. § 323. No facts have been presented to the court, in this case, indicating that the debtor had any authority to act on behalf of the estate in December, 1982 when the fire occurred.

■ The facts in *Light* are similar to the facts in this case in that the debtor intentionally set fire to property insured by a fire insurance policy and the bankruptcy trustee sought to collect the proceeds of the policy. The court held, as maintained by plaintiff herein, that the trustee stood in the shoes of the debtor and was subject to any defenses that the insurance company had as against the debtor. Accordingly, debtor's intentional wrongdoing was held to operate as a complete bar to recovery by the trustee. The *Light* case is distinguishable from this one, however, in that the debtor committed arson before the filing of the bankruptcy petition. Thus, the trustee succeeded to the debtor's claim under the policy, subject to any defenses available to the insurance company. Here, the loss and intentional wrongdoing committed by the debtor did not occur until well after the reconversion of this case and the appointment of defendant as trustee. On the date of reconversion, there was no claim for loss under the policy. Plaintiff has continued to receive premium payments from the estate.

This court concludes that the estate was substituted, as the named insured, by oper-

**170**

ation of law, on or before May 25, 1982 and that the estate acts by and through its representative, the defendant. The intentional wrongdoing of the debtor is not attributable to the trustee or the estate.

This court agrees with the contention raised by the plaintiff, however, that the debtor should not be allowed to profit from his own wrongdoing. The defendant has conceded that plaintiff need not pay any proceeds of the insurance policy that are determined to be applicable to any properly claimed exemption rights of the debtor in the real and personal property destroyed by the fire and this court agrees.

It follows that the plaintiff's Motion for Summary Judgment should be denied and that defendant's Motion for Partial Summary Judgment, establishing the defendant's right to recover under plaintiff's insurance policy number MP518689, should be granted.

This Opinion shall constitute findings of fact and conclusions of law under Federal Rule of Civil Procedure 52 as made applicable to this court by Bankruptcy Rule 7052, they shall not be separately stated.