**In re J.T.R. CORPORATION, t/a the Quarterdeck, Debtor (Three Cases).**

**Richard M. KREMEN, Trustee, Plaintiff–Appellant,**

v.

**The HARFORD MUTUAL INSURANCE COMPANY, Defendant–Appellee.**

**Richard M. KREMEN, Trustee, Plaintiff–Appellee,**

v.

**The HARFORD MUTUAL INSURANCE COMPANY, Defendant–Appellant (Two Cases).**

**Nos. 90–2072, 90–2073 and 90–2082.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 11, 1991.

Decided March 5, 1992.

As Amended March 23, and April 2, 1992.

Christine Marie Barilla, Piper & Marbury, argued (David F. Albright, Richard M. Kremen, Semmes, Bowen & Semmes, Baltimore, Md., on brief), for appellant.

John Louis Wood, Sr., argued (V. Timothy Bambrick, Niles, Barton & Wilmer, on brief), Baltimore, Md., for appellee.

Before RUSSELL, HALL and WILKINSON, Circuit Judges.

## OPINION

PER CURIAM:

This case arises under the Bankruptcy Act. The present appeals derive from the Trustee's efforts to recover property of the estate in bankruptcy. Both the Trustee and the Defendant have appealed from the order of the district court affirming the final order of the bankruptcy court. The Defendant also appeals from an earlier order of the district court in a prior appeal from the bankruptcy court. For the reasons stated more fully below we affirm the decisions of the district court.

### I.

This case has been pending for over twelve years and has resulted in several opinions in both the bankruptcy and district courts as well as an opinion from this Court dismissing a prior interlocutory appeal. Its procedural history is, accordingly, byzantine. We detail only so much as is necessary to place the present appeals in context.

In June 1979 JTR Corporation filed a petition for bankruptcy under Chapter 11 of the Bankruptcy Act of 1898 (the "Act"). JTR was controlled and operated by Joseph Kenny. JTR operated a bar and grill known as the Quarterdeck in Baltimore, Maryland, and continued operating the Quarterdeck as debtor-in-possession. On October 21, the Quarterdeck was substantially destroyed by fire. The parties do not dispute that the fire was deliberately caused by Kenny. On October 26, Richard M. Kremen was appointed Trustee. In November, JTR was adjudicated a bankrupt.

Kremen sought to recover on a fire insurance policy issued to JTR by the Harford Mutual Insurance Company ("Harford"). Harford declined to pay, citing the arson by Kenny as a defense. Kremen filed suit against Harford in bankruptcy court claiming that the proceeds of the policy were the property of the estate. In 1982, after a bifurcated trial where only the issue of defenses to liability was tried, the bankruptcy court held that Kenny's arson barred recovery by the estate. The Trustee appealed to the district court.

Meanwhile, in 1980, Harford paid $146,-880.04 to Fidelity Federal Savings and Loan association ("Fidelity"), on account of a mortgage given by JTR to Fidelity covering both the Quarterdeck and the Kennys' personal home. After the payment Harford received an assignment of that portion of the mortgage covering the business property.

**604**

In December 1986 the district court reversed the order of the bankruptcy court, finding, in essence, that as debtor-in-possession Kenny acted in a fiduciary capacity and his illegal acts were not attributable to the estate. The district court remanded the case to the bankruptcy court for a trial on the issue of damages, and with instructions to ensure that Kenny did not benefit directly or indirectly from any distribution of the insurance proceeds.

On remand, the parties stipulated to the amount of damages as being $223,711.12. In December 1987, the bankruptcy court entered a final order to this effect, but then took under consideration motions to alter or amend filed both by the Trustee and by Harford. The bankruptcy court granted and denied in part both of these motions, and, in October 1989, entered a new final order. This new order awarded the stipulated damages, but allowed Harford a credit for the payment made to Fidelity. Additionally, it awarded prejudgment interest on the amount of damages attributed to the insured contents of the building from sixty days after the proof of loss was filed; it awarded prejudgment interest on the remaining amount only from the date of the December 1987 order.

Both the Trustee and Harford filed notices of appeal from the October 1989 order. Harford also filed a notice of appeal from the district court's December 1986 order. We consolidated these appeals for further consideration.

## II.

■■■ We commence with Harford's appeal from the December 1986 order of the district court.[1] Harford argues that the district court erred as a matter of law in finding that Kenny's arson was not attributable to the estate and a bar to recovery.

Both the district court and the parties rely heavily on two cases: *In re Light*

*(Dery v. Citizen's Ins. Co. of Am.)*, 23 B.R. 482 (Bankr.E.D.Mich.1982), and *In re Feiereisen (Unigard Mut. Ins. Co. v. O'Dwyer)*, 56 B.R. 167 (Bankr.D.Ore.1985). In both cases, trustees sought to recover proceeds of fire insurance policies after debtors burned the property. In *Light*, the debtor burned the property before the bankruptcy petition had been filed. The court held that since the trustee stood "in the debtor's shoes" the trustee could obtain no rights greater than those held by the debtor at the time the petition was filed. *Light*, 23 B.R. at 484. The debtor was barred from recovery at the time the petition was filed because of his arson; consequently, the trustee was likewise barred. *Id.* In *Feiereisen*, the debtor filed for bankruptcy under Chapter 7 and the case was later converted to a Chapter 11 proceeding and a trustee appointed. Subsequently, the case reverted to a Chapter 7 proceeding and the debtor burned the property. The court found that since the arson occurred after the reconversion of the case and after the appointment of the trustee, the trustee was not barred from recovery. *Feiereisen*, 56 B.R. at 169–70.

The present case falls in the middle ground between *Light* and *Feiereisen:* the arson occurred after the bankruptcy petition had been filed but before appointment of the trustee. The district court found that the date of the filing of the petition was the crucial factor, and the distinction in *Feiereisen* that a trustee had also been appointed was not material.

■■■ A debtor-in-possession under Chapter 11 "holds the title and powers of [a] trustee." *Stein v. United Artists Corp.*, 691 F.2d 885, 892 (9th Cir.1982). The debtor-in-possession is a fiduciary and owes the same duties as a trustee. *Id.; see Wolf v. Weinstein*, 372 U.S. 633, 649–50, 83 S.Ct. 969, 979–80, 10 L.Ed.2d 33 (1963).

---

1. We note that the appeal from this order is timely. This Court has jurisdiction over "final decisions, judgments, orders, and decrees" entered by district courts sitting as bankruptcy appellate courts. 28 U.S.C. § 158(d) (1988) The district court's December 1986 order was interlocutory and therefore not immediately appealable. For this reason we dismissed Harford's appeal of the order at the time. *In re J.T.R. Corp. (Kremen v. Harford Mut. Ins. Co.)*, 820 F.2d 1219 (4th Cir.1987) (unpublished). Once a final order is entered, however, all prior orders become reviewable. Thus Harford's appeal is properly before us.

The debtor-in-possession does not act in his own interests, but rather in the interests of the creditors. *Stein,* 691 F.2d at 892. Thus, in essence, this case is indistinguishable from *Feiereisen*—the arson occurred after the petition had been filed and after the equivalent of the appointment of a trustee. JTR was the debtor-in-possession, and at this point Kenny was a third party to the transaction.

Further, we believe that the court in *Feiereisen* made clear that it was the filing of the petition which was determinative. The court stated,

> The *Light* case is distinguishable from this one, however, in that the debtor committed arson *before the filing of the bankruptcy petition....* Here, the loss and intentional wrongdoing committed by the debtor did not occur until well *after the reconversion of this case* and the appointment of the defendant as trustee. *On the date of reconversion,* there was no claim for loss under the policy.

*Feiereisen,* 56 B.R. at 169 (emphasis added). Though it is indisputable that the arson in *Feiereisen* took place after appointment of the trustee, we believe the highlighted language indicates that the meaningful issue was the filing of the petition.[2] This is true because the debtor at this point ceases to act in his own interests and begins to act for the creditors.

We conclude that since the arson did not take place until after the filing of the bankruptcy petition, the Trustee is not barred from recovery under the policy. Accordingly, we affirm the district court's decision of December 1986.

We now consider the issues raised in the Trustee's appeal. The Trustee challenges two portions of the district court's order: the decision to allow Harford a credit for the payment to Fidelity, and the decision denying prejudgment interest on the entire award. We address these contentions in turn.

■ In its December 1986 order the district court instructed the bankruptcy court to use its equitable powers to ensure that "no distribution of proceeds of the insurance policy be made directly or indirectly to Mr. Kenny." The Trustee argues that the district court's affirmance of the bankruptcy court's subsequent order allowing credit for the payment to Fidelity violated the language of the December 1986 order.

At the outset, we note that the Trustee's argument is seriously undercut by the action of the district court affirming the bankruptcy court. Surely the district judge who issued an order is in the best position to determine whether subsequent actions comply with that order. Nonetheless, we find that the payment to Fidelity did not materially benefit Kenny, either directly or indirectly.

Under the terms of its policy, Harford was not obligated to pay JTR anything until after Fidelity's interest had been satisfied. The Trustee has no greater rights than JTR, in whose shoes he stands. The Kennys had mortgaged their home as security for the JTR mortgage; the payment to Fidelity satisfied the mortgage on the Kennys' home. This benefit to the Kennys was incidental. The Kennys were, in essence, third-party guarantors of the JTR mortgage. Satisfaction of the Kennys' mortgage debt was not a "benefit" proscribed by the district court's order. Moreover, the incidental benefit to the Kennys would be the same regardless of whether the bankruptcy court credited the payment to Fidelity against the amount owed the Trustee.

■ The final issue concerns the Trustee's entitlement to prejudgment interest. The courts below awarded prejudgment interest on the $50,000 due for the contents of the building running from sixty days after the proof of loss was filed. Neither party has appealed this ruling. As to interest on the amount due for the building itself, the courts awarded interest only from December 15, 1987, the date the bank-

---

**2.** For present purposes, the reconversion in *Feiereisen* is analogous to the filing of the peti-

tion in this case.

ruptcy court issued its first opinion fixing the amount of damages. The Trustee has appealed this ruling, contending that it is likewise entitled to prejudgment interest on this amount from sixty days after the filing of the proof of loss.

The outcome in the present case is controlled by Maryland law.

The law in Maryland with reference to [prejudgment] interest is well settled. The general rule is that interest should be left to the discretion of the jury, or the Court when sitting as a jury. However, this general rule is subject to certain exceptions that are as well established as the rule itself. Among the exceptions are cases on bonds, or on contracts, to pay money on a day certain, and cases where the money has been used. If the contractual obligation be unilateral and is to pay a liquidated sum of money at a certain time, interest is almost universally allowed from the time when its payment was due.

 *Blue Cross & Blue Shield, Inc. v. Chestnut Lodge, Inc,* 81 Md.App. 149, 567 A.2d 147, 153 (1989) (quoting *Affiliated Distillers Brands Corp. v. R.W.L. Wine & Liquor Co., Inc.,* 213 Md. 509, 132 A.2d 582 (1957)), *cert. denied,* 319 Md. 72, 570 A.2d 864 (1990). *See Merrick v. Mercantile–Safe Deposit & Trust Co.,* 855 F.2d 1095, 1106 (4th Cir.1988). The fact that the insurer contests liability does not itself render the amount due unliquidated if the amount of loss was otherwise determined. *See Brethren Mut. Ins. Co. v. Filsinger,* 54 Md.App. 357, 458 A.2d 880, 885 (1983) ("[r]egardless of an insurer's good faith denial of coverage, a plaintiff is entitled to recover interest from the date coverage was denied").

The sum due from Harford to the Trustee was not liquidated until the bankruptcy court's order of December 1987. The parties did not stipulate to the amount due until a hearing before the bankruptcy court in November 1987, and this figure was substantially less than that originally claimed by the Trustee. The fact that damages were not determined for more than seven years belies the Trustee's argument that they were readily ascertainable and therefore liquidated. *See Merrick,* 855

F.2d at 1106 (prejudgment interest recoverable where loss, though not liquidated, is "readily ascertainable"). In addition, the amount ultimately due to the Trustee was reduced considerably by the credit allowed to Harford for the payment to Fidelity.

We conclude that all these factors combine to demonstrate that the amount due by Harford was genuinely disputed and not liquidated prior to December 1987. In such a situation the award of prejudgment interest is a matter of discretion and we find no abuse of that discretion in the present case.

### III.

For the foregoing reasons we find the appeals of both the Trustee and Harford to be without merit. The decisions of the district court are, accordingly, affirmed.

AFFIRMED.