# THE STATE OF MARYLAND, USE OF THE MAYOR AND CITY COUNCIL OF HAVRE DE GRACE *vs.* MICHAEL H. FAHEY AND THE NATIONAL SURETY COMPANY.

*Municipal Corporations—Statutory Provision as to Time of Appoint-*
*ment of Officer—Collateral Attack on Title of Officer for Failure to*
*Qualify According to Statute—Officer de Facto—Interest.*

When the charter of a city provides that its treasurer shall be appointed
annually on or before a certain date, this provision as to time is merely
directory, and an appointment may validly be made at a subsequent
time.

The title of a public officer who is *de facto* acting as such, cannot be
attacked collaterally, on the ground that he had not been properly

qualified, in an action in which he is not a party or in which he has no personal interest.

In an action on the bond of a former treasurer of a city, to recover money and securities belonging to it which he had failed to turn over to his successor in office, the defendant alleged that the condition of the bond executed by the successor in office did not conform to the requirements of the city charter, and that the defendant remained the treasurer until the proper qualification of his successor. *Held*, that this is not a defense to the action, since no defect in the title of the second treasurer, who had been appointed by the Mayor and confirmed by the Council and was *de facto* in office, is open to inquiry in this suit.

When a fiscal officer of a municipality is directed by an order to pay over money to his successor, he is liable for interest on the same from the date of the order.

*Decided June 25th, 1908.*

Appeal from the Circuit Court for Harford County (VAN BIBBER, J.)

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, WORTHINGTON and HENRY, JJ.

*Wm. H. Harlan* and *P. L. Hopper*, for the appellant.

*Fred. R. Williams* and *A. Freeborn Brown* (with whom was *Stevenson A. Williams* on the brief ), for the appellees.

BURKE, J., delivered the opinion of the Court.

Only two questions of any importance are presented by this appeal, neither of which, we think, presents any special difficulty. It appears from the evidence and the admissions of the pleadings, that Michael H. Fahey was, on the 18th day of June, 1906, duly appointed by the Mayor of the city of Havre de Grace, treasurer of that city; that the appointment was ratified and confirmed by the City Council; that the term of his office was for one year, and until his successor should be appointed and qualified. He executed a bond in the sum of twenty-five thousand dollars, with the National Surety Company as surety, conditioned for the faithful performance of his duties as such treasurer, and entered upon the discharge of

the duties of that office. As such treasurer he received and still has in his possession the sum of four thousand two hundred and twenty-two dollars and thirty-nine cents due the city of Havre de Grace, and also certain bonds of the value of five thousand dollars belonging to the city, which had been purchased by the city on account of its sinking fund.

On July 1st, 1907, Charles T. Wilson, the Mayor of Havre de Grace, appointed Millard F. Tidings to the office of treasurer of that city as the successor of Michael H. Fahey, and his appointment was confirmed by the City Council. Tidings took the oath of office prescribed by the charter, and executed a bond as treasurer, which bond was approved by the Mayor on the 15th day of July, 1907. Under this appointment and qualification, he took possession of the office of treasurer, and ever since has been acting as such, and discharging its duties. Mr. Fahey took no action to test the appointment and qualification of Tidings as his successor, and has permitted him to continue undisturbed in the possession of the office, exercising all its rights and discharging all its duties. On August 5th, 1907, the Mayor and City Council of Havre de Grace passed a resolution directing Mr. Fahey to turn over the funds in his hands belonging to the city to the new treasurer, Mr. Tidings; but this order Mr. Fahey refused to obey, and still retains the money and the bonds to which we have alluded, and because of his refusal and failure to turn over this money and property the city instituted suit against him and his bond on the 6th day of November, 1907, in the Circuit Court for Harford County, and from a judgment in favor of the defendants entered by that Court as the result of the trial the plaintiff has brought this appeal. Millard F. Tidings, the acting treasurer, is not a party of this case, the suit being brought in the name of the State for the use of the Mayor and City Council of Havre de Grace.

Section 150A of the Act of 1902, ch. 127, provided for the appointment and qualification of a treasurer of the city of Havre de Grace and defined his duties. It declares that: "The Mayor, by and with the advice and consent of the City Coun-

cil, shall annually, on or before the first Monday in June, appoint a competent person, skilled in accounts, a taxpayer and qualified voter of said city, and not less than twenty-five years of age, to be treasurer of the city of Havre de Grace, and who shall. hold office for one year from the date of his appointment and until the qualification of his successor; before entering upon the discharge of the duties of his office, the treasurer shall take and subscribe, before some Justice of the Peace of Harford County, the oath prescribed by section 6 of Art. 1 of the Constitution of this State, and shall execute a bond to the State of Maryland in the penalty of twenty-five thousand dollars, to be approved by the Mayor, with the condition that if the above bond shall well and faithfully execute his office, and shall account to the Mayor and City Council of Havre de Grace for and pay into the treasury of said city or to his successor in office, the several sums of money, bonds, securities or other property, which he shall receive for the city or be answerable for by law at such times as the law shall direct, then such obligation shall be void; and the Mayor is authorized to approve as surety upon said bond a guarantee company, and the premium for said bond, if any, shall be paid out of the city treasury.    In case the person appointed treasurer shall fail to execute the bond required by this section within twenty days after the date of his appointment, or in the event of the treasurer's removal from the city, death, resignation, or removal from office, the Mayor shall at once proceed to make a new appointment to fill the vacancy thereby occasioned."

The declaration, after stating the appointment and confirmation of Fahey as treasurer and the execution of the bond sued on, alleged the appointment, confirmation, and due qualification of Millard F. Tidings as the successor of Fahey as the treasurer of the city.    It then assigned the breaches of the condition of the bond in the following words: "And the plaintiff says that the said Michael H. Fahey has not faithfully executed his office in that he has not accounted to the Mayor and City Council of Havre de Grace for and paid into the treasury of said city or to his successor in office the several

sums of money, bonds, securities and other properties which he during his term of office as treasurer received from said city and is answerable for by law; but on the contrary the plaintiff says, the said Michael H. Fahey has collected and received and is answerable for various sums of money amounting in the aggregate to $8,000, which he has neglected and refused and still neglects and refuses to turn over to his said successor in office, and likewise has in his hands various securities and other property belonging to the equitable plaintiff, amounting in value in the aggregate to $10,000 which he likewise has refused and still refuses to turn over to his successor in office, all of which sums of money, securities and other property the said Michael H. Fahey still retains in his possession to the great wrong and damage to the equitable plaintiff."

The provision of the charter, which we have quoted, provides that the treasurer shall be appointed annually, "on or before the first Monday in June;" but Tidings was not appointed until the first day of July, 1907. This circumstance at one time was considered fatal to the plaintiff's case, and was made the basis of several pleas on the part of the defendant; but the Court finally treated this provision of the charter as merely directory, and held that an appointment at a subsequent time might be validly made. In so holding we think the Court was clearly right. The Act of 1868, chapter 411, provided that the County Commissioners of Baltimore County, *within twenty days after the passage of the Act*, should order an election in each primary road district, for five supervisors of roads and bridges to hold their office for five years. This provision of the Act was considered in *State, ex rel, Webster* v. *The County Commissioners of Baltimore County*, 29 Md. 516. The Court said, "Where the duty prescribed is of a public nature, and intended for the public benefit, and is directed to be performed within a specified time, Courts have adopted a general rule in the construction of statutes, that they are, in respect to the time, to be regarded *as directory* merely, unless from the nature of the act to be performed, or the language

employed in the statute, it plainly appears that the designation of time was intended as a limitation of power of the officer." In the case of the *State, use of the County Commissioners for Baltimore County* v. *Horner*, 34 Md. 569, the precise question we are now considering was before the Court, and it was held that a statutory requirement as to the time of appointing a collector of taxes is directory only, with respect to the particular day on which the appointment is to be made, and that an appointment on some other day would be legal and binding. To the same effect are the cases of *Cox* v. *Bryan*, 81 Md. 290, and *Sterling* v. *McMaster*, 82 Md. 116.

Tidings being in possession of the office under the circumstances mentioned and Fahey having in his possession money belonging to the corporation, why should he not have turned it over upon the demand of the city? The only reason assigned for his refusal to do so is that Tidings had not properly qualified as treasurer, because the condition of the bond given by him did not conform to the requirements of the charter. This is the ground relied upon by the defendants' fifth and sixth pleas. It is true that the conditions of the bond given by Tidings are not in conformity with the requirements of the Act; but for reasons of public policy the law will not permit the defendants to attack collaterally his qualification as treasurer. It is admitted that Tidings is the *defacto* treasurer of the city, and "it is the general rule that the title of a *defacto* officer, whether a public officer, or an officer of a private corporation, cannot be collaterally attacked in an action to which he is not a party, nor in an action in which he is a party, when he has no personal interest, but is merely prosecuting or defending the same in his official capacity. Nor can such an officer's title be questioned in any other collateral way." 8 *Am. & Eng. Ency. of Law*, 823.

The acts of such an officer are valid and binding so far as concern the public, or third persons who have an interest in the things done, and they cannot be collaterally questioned. This is the accepted rule in England, in the United States Courts, and in all the State Courts, with one or two exceptions,

and has been applied by this Court in *Koontz* v. *The Burgess and Commissioners of Hancock*, 64 Md. 134, where a bill had been filed for injunction to restrain the collection of taxes upon the ground that the assessment of the taxes was invalid, because the officials who made it had not qualified as required by law.    In disposing of this objection, JUDGE ROBINSON speaking for the Court, said: "Now admitting for the purposes of this case, that it was necessary for them to take the oath prescribed by the Constitution, to constitute them officers *de jure*, it is conceded they entered upon and had continued to discharge the duties of their office; and no principle is better settled than that the acts of officers *de facto* in regard to public matters affecting the public interests, are to be regarded as valid and binding; as much so as if the same act had been performed in the same manner by an *officer de jure.*"

We are, therefore, of opinion that the question as to the due qualification of Tidings as Fahey's successor as treasurer was not properly an issuable fact in the case, and no defect as to his title to the office could be inquired into in this action.   It follows that there was error in granting the defendants' second prayer, which told the jury that if they found that the bond offered in evidence purporting to be the bond of Millard F. Tidings as treasurer of the city of Havre de Grace was executed and delivered in pursuance of the appointment of said Tidings to that office on the 1st of July, 1907, that then said bond was not such a bond as was by law required to be given by said treasurer, and that it did not entitle him to enter upon the office of treasurer, and by reason thereof it became the duty of the Mayor and City Council of Havre de Grace to reappoint to said office within twenty days from the 1st day of July, 1907, and the defendant remained the treasurer of said city *de jure* until such reappointment was made and the appointee had duly qualified, and that if they further found no such reappointment had been made, then the jury must find the verdict in favor of the defendants.  This prayer practically took the case from the jury.

  2. The only other question which need be noticed is that

relating to the plaintiff's right to recover interest on the money retained by Mr. Fahey. The Court remitted the allowance of interest to the discretion of the jury. The question of interest is ordinarily left to the jury, but in many cases it is a question for the Court. The general rule upon the subject is thus stated in *Newson* v. *Douglas*, 7 H. & J. 328. "The question of interest, arising on the third exception, is one of frequent occurrence in the books, and has been found to be a subject not susceptible of the application of any fixed and general rule of law, the dealings between man and man being so various in their nature, that scarcely two cases are to be met with presenting the same aspect, but each depending upon its own peculiar circumstances. There are indeed cases not to speak of bonds, &c., in which interest is recoverable as of right. Such as on a contract in writing to pay money on a certain day; as in the case of a bill of exchange or a promissory note, or on a contract for the payment of interest, or where the money claimed has actually been used. But with such exceptions, it has long been the settled practice of the Courts of this State, to refer the question of interest entirely to the jury, who may allow it or not in the shape of damages, according to the equity and justice appearing between the parties or a consideration of all the circumstances of the particular case as disclosed at the trial."

It was the duty of the defendant, Fahey, to account to the Mayor and City Council of Havre de Grace for and pay into the treasury of the city, or to his successor in office the several sums of money or property for which he was answerable by law at such times as the law should direct. He was directed on August 5th, 1907, by a resolution of the Mayor and City Council to pay the money to Tidings, the acting treasurer of the city. The money became due and payable from the date of that order, and we cannot see upon what principle the equitable plaintiff can be deprived of interest upon it from that date. We think the city is entitled as a matter of right to interest upon the amount retained by Mr. Fahey from the date of that demand. Upon the facts contained in the record it is

the duty of Mr. Fahey to turn over to Millard F. Tidings, the acting treasurer of the city of Havre de Grace, the bonds and money in his possession belonging to the city, with interest on the money from August 5th, 1907. For error committed in granting the plaintiff's sixth prayer as modified and the defendants' second prayer, the judgment must be reversed.

> *Judgment reversed, and new trial*
> *awarded, with costs to the appellant.*