**HOLO–KROME COMPANY, Petitioner–Cross–Appellant,**

**v.**

**NATIONAL LABOR RELATIONS BOARD, Respondent–Cross–Petitioner,**

**International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), Local 376, Intervenor.**

**Nos. 163, 322, Dockets 91–4061, 91–4085.**

United States Court of Appeals, Second Circuit.

Submitted Dec. 19, 1991.

Decided Jan. 17, 1992.

Burton Kainen, Hartford, Conn. (Diana Garfield, Siegel, O'Connor, Schiff, Zangari & Kainen, P.C., on the brief), for petitioner-cross-appellant.

Marilyn O'Rourke, Washington, D.C. (Jerry M. Hunter, Gen. Counsel, D. Randall Frye, Acting Deputy Gen. Counsel, Aileen A. Armstrong, Deputy Associate Gen. Counsel, and William R. Stewart, Deputy Asst. Gen. Counsel, on the brief), for respondent-cross-petitioner.

Gregg D. Adler, Hartford, Conn. (Stephen E. Meili, Gould, Livingston, Adler & Pulda, on the brief), for intervenor.

Before NEWMAN and PRATT, Circuit Judges, and POLLACK, District Judge.*

JON O. NEWMAN, Circuit Judge:

The Board's petition for rehearing raises a narrow but important procedural question concerning the conduct of administrative hearings in cases in which an employer is charged with discriminating against an employee because of union activity, in violation of section 8(a)(3) of the National Labor Relations Act, 29 U.S.C. § 158(a)(3) (1988). We ruled in this case that the Board's decision, which found a section 8(a)(3) violation, was not supported by substantial evidence. 947 F.2d 588. In the course of our decision, we ruled that the Board had erred in considering as part of the General Counsel's *prima facie* case the employer's explanation, presented at the hearing, as to its reasons for the adverse action taken against the two employees. The Board vigorously urges us not to preclude consideration of such evidence in the assessment of the *prima facie* case, contending that the decision to give such consideration to the employer's explanation is within the administrative competence of

---

the Board and that the Board has regularly done so in the past.

Though language in some of the Board's prior decisions raises substantial doubts as to the Board's practice, we are persuaded, for reasons set forth below, that our prior opinion in this case requires a slight refinement.

■■■■ Understanding the problem requires familiarity with the subtleties of burden of proof rules in the area of unlawful motivation cases and some awareness of the regrettably different meanings that have been ascribed to some of the terms used in this field. A useful place to begin is with the distinction between so-called "pretext" cases and so-called "dual motivation" cases. Both cases start with the common fact that an employer is accused of taking adverse action against an employee for some impermissible reason. In a pretext case, the employer defends on the ground that he acted, not for the alleged invalid reason, but instead for a valid reason. The complainant (the General Counsel in NLRB cases) then has the opportunity to persuade the fact-finder that the employer's proffered reason is not the true reason but only a pretext designed to deflect attention from the true reason. In a dual motivation case, the employer defends on the ground that, even if an invalid reason might have played some part in his motivation, he *would have* taken the same adverse action in the absence of the invalid reason, *i.e.*, he would have taken the action on the basis solely of some valid reason.

In civil rights litigation, the Supreme Court has outlined the burden of proof rules for the pretext cases in *Texas Community Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), and for dual motivation cases in *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Outside the labor law context, it is clear that in a pretext case, the plaintiff must present facts sufficient to support the inference that adverse action was taken because of an invalid reason; then the defendant has a burden of production to artic-

ulate a valid reason for the adverse action; then the burden of persuasion is upon the plaintiff to persuade the trier by a preponderance of the evidence that the invalid reason motivated the adverse action. *See Burdine*, 450 U.S. at 252–53, 101 S.Ct. at 1093–94. In a dual motivation case, the plaintiff must prove that an invalid reason motivated the adverse action; if the plaintiff sustains that burden, then the defendant has the opportunity to prove, as an affirmative defense, that it would have taken the adverse action in the absence of the invalid reason. *See Mt. Healthy*, 429 U.S. at 287, 97 S.Ct. at 576.

The first complication in understanding how these two different modes of analysis apply to NLRB cases arises from the Board's insistence that the difference does not exist. *See Wright Line, a Division of Wright Line, Inc.*, 251 NLRB 1083, 1089 n. 13 (1980), *enf'd on other grounds*, 662 F.2d 899 (1st Cir.1981), *cert. denied*, 455 U.S. 989, 102 S.Ct. 1612, 71 L.Ed.2d 848 (1982). In *Wright Line*, the Board embraced the *Mt. Healthy* approach to dual motivation cases and announced that this approach would be applied "in all cases alleging violation of Section 8(a)(3) .... turning on employer motivation." *Id.* at 1089. The Board stated that "an additional benefit which will result from our use of the Mt. Healthy test [beyond avoiding the confusion of prior cases] is that the perceived significance in distinguishing between pretext and dual motivation cases will be obviated." *Id.* at 1089 n. 13. *See also id.* at 1083–84, nn. 4, 5. The Board's insistence that the two approaches need not be distinguished ignores the reality that they are different: pretext analysis determines what the true motivation actually was; dual motivation analysis determines what the employer's conduct would have been if the improper motivation had not been present. Moreover, the Supreme Court has explicitly recognized, in the context of a section 8(a)(3) violation, that dual motivation analysis is different from pretext analysis. *See NLRB v. Transportation Management Corp.*, 462 U.S. 393, 400 n. 5, 103 S.Ct. 2469, 2473 n. 5, 76 L.Ed.2d 667.

Though the two forms of analysis are different, it is possible to analyze all motivation cases, as the Board prefers, using only the dual motivation approach. Once the General Counsel proves that unlawful motivation was present, the Board moves directly to the employer's affirmative defense. It does not pause to require the employer only to articulate a valid motivation and then place on the General Counsel the burden of proving that the articulated explanation is a pretext. This approach differs from motivation inquiry in pretext cases. In that context, the plaintiff starts with the obligation only to present facts raising an inference of unlawful motivation and, if a valid reason is articulated by the defendant, must prove that the unlawful reason was at least part of the motivation. With dual motivation analysis, the defendant need do nothing until the plaintiff has proved unlawful motivation, and then has the burden of proving its affirmative defense.[1]

The Board formulated its version of *Mt. Healthy* in these terms:

> First, we shall require that the General Counsel make a *prima facie* showing sufficient to support the inference that protected conduct was a "motivating factor" in the employer's decision. Once this is established, the burden will shift to the employer to demonstrate that the same action would have taken place even in the absence of the protected conduct.

*Wright Line*, 251 NLRB at 1089 (footnote omitted).

This formulation introduced a second complication. The Board used, without clarification, the phrase *"prima facie* showing," a phrase that sometimes means facts sufficient to send a disputed issue to a fact-finder, and sometimes means facts that persuade a trier of the elements of liability, thereby placing on the defendant the obligation to prove an affirmative defense, if he has one, or else suffer an adverse decision. As used in *Wright Line,* *"prima facie* showing" might be thought to mean only facts sufficient to send the case to the fact-finder, since the Board required only facts "sufficient to *support* the inference" of improper motivation. *Id.* (emphasis added). If the Board had meant to use *"prima facie* showing" in the sense of facts that prove the elements of liability, it might have been expected to refer to facts that not merely "support" the inference of improper motivation but that actually "establish" or "prove" or "show" such motivation. In *Mt. Healthy,* the Supreme Court had stated that the plaintiff in a dual motivation cases had the burden "to show" that his protected conduct was a motivating factor in the defendant's decision to take adverse action before the defendant could be obliged to present his affirmative defense. 429 U.S. at 287, 97 S.Ct. 576.

Despite the ambiguity in the wording of the *Wright Line* test, however, it is apparent that the Board uses the phrase *"prima facie* case" to mean the General Counsel's burden to prove by a preponderance of the evidence that protected activity was at least part of the motivation for the employer's adverse action. As the Board explained in an important footnote to *Wright Line:*

> It should be noted that this shifting of burdens [placing on the employer the affirmative defense of showing what action it would have taken] does not undermine the established concept that the General Counsel must establish an unfair labor practice by a preponderance of the evidence. The shifting burden merely requires the employer to make out what is actually an affirmative defense ... to overcome the *prima facie* case of wrongful motive. Such a requirement does not shift the ultimate burden.

*Wright Line,* 251 NLRB at 1088, n. 11. Moreover, the Supreme Court, in a decision explicitly approving the Board's *Wright*

---

1. It has been pointed out that when dual motivation analysis is used, pretext inquiry is avoided in those cases where the defendant fails to sustain its affirmative defense, but in those cases where the defendant sustains its burden, the fact-finder will have implicitly applied pre-

text analysis and found that the employer's articulated reason for its action was not pretextual. *See NLRB v. Charles Batchelder Co., Inc.,* 646 F.2d 33, 43 (2d Cir.1981) (Newman, J., concurring).

*Line* analysis, understood the Board to be placing upon the General Counsel "the burden of *proving* that the employee's conduct protected by § 7 was a substantial or a motivating factor in the discharge." *NLRB v. Transportation Management Corp.*, 462 U.S. 393, 400, 103 S.Ct. 2469, 2473, 76 L.Ed.2d 667 (1983) (emphasis added). Though we now know that the Board uses the phrase *"prima facie case"* to mean evidence that proves that protected conduct was a motivating factor, it would be helpful if the Board would abandon the phrase, in view of its entirely different meaning in other contexts, and adopt some terminology that connotes proof of the elements of liability.

The Board's decision in *Wright Line* introduced yet a third complication, which touches directly upon the issue we now face. After observing that the Board had previously been using an approach similar to *Mt. Healthy* that had permitted inquiry as to "whether any 'legitimate business reason' asserted by the employer is sufficiently proven to be the cause of the discipline to negate the General Counsel's showing of prohibited motivation," *Wright Line*, 251 NLRB at 1088, the Board stated in a footnote:

> The absence of any legitimate basis for an action, of course, may form part of the proof of the General Counsel's case. *See* e.g. Shattuck Denn Mining Company v. N.L.R.B., 362 F.2d 466 (9th Cir.1966).

*Id.*, n. 12. In *Shattuck Denn*, a case considering whether the Board's decision finding a section 8(a)(3) violation was supported by substantial evidence on the record as a whole, the Ninth Circuit had noted prior decisions supporting the proposition that the fact that an employer's explanation "fails to stand scrutiny" strengthens the inference of improper motivation. 362 F.2d at 469 (citing *NLRB v. Griggs Equipment, Inc.*, 307 F.2d 275, 278 (5th Cir.1962); *NLRB v. Radcliffe*, 211 F.2d 309, 314 (9th Cir.), *cert. denied*, 348 U.S. 833, 75 S.Ct. 56, 99 L.Ed. 657 (1954); *NLRB v. Dant*, 207 F.2d 165, 167 (9th Cir.1953)). It was not clear in *Shattuck Denn*, and it became no clearer in footnote 12 of *Wright Line*, whether the Board thought that the ab-

sence of an employer's legitimate basis for its adverse action could be gleaned only from the employer's failure to provide a credible explanation to the employee during the episode or also from the failure to provide a credible explanation to the administrative law judge during the Board hearing.

In subsequent cases, however, the Board has permitted the ALJ to weigh the employer's explanation *at the hearing* in determining whether the General Counsel has presented a *prima facie* case (*i.e.*, a case sufficiently persuasive to cast upon the employer the burden to prove its affirmative defense). *See Active Transportation*, 296 NLRB No. 58 at 5 (1989), *enf'd mem.*, 924 F.2d 1057 (6th Cir.1991); *Baumgardner Co.*, 288 NLRB 977, 977 n. 4, *enf'd mem.*, 866 F.2d 1411 (3d Cir.1988); *American Chain Link Fence Co.*, 255 NLRB 692, 693 (1981). At the same time, the Board has issued other decisions that seem to require precisely the opposite result. Thus in *Hillside Bus Corp.*, 262 NLRB 1254 (1982), the Board said that:

> in assessing whether a *prima facie* case has been presented, an administrative law judge must view the General Counsel's evidence in isolation, apart from the respondent's [the employer's] proffered defense. It is only after the General Counsel's *prima facie* requirement has been met that an administrative law judge must consider the respondent's defense.

*Id.* at 1254. The *Hillside Bus* requirement that the ALJ must view the General Counsel's evidence "in isolation" in assessing the *prima facie* case has been explicitly repeated in *Bali Blinds Midwest*, 292 NLRB 243, 243 n. 2 (1989), and *Cine Enterprises*, 301 NLRB No. 65 at 6 (1991).

Another decision of the Board, *Golden Flake Snack Foods*, 297 NLRB No. 86 (1990), attempts to reconcile the seemingly inconsistent approaches of *Active Transportation* and *Hillside Bus*:

> [The ALJ] has stated ... that "[i]n determining the existence of a *prima facie* case the General Counsel's evidence must be viewed in isolation apart from

Respondent's defense [citing *Bali Blinds*]." We note in this regard that it is the evidence as presented at the hearing, drawn from whatever source, which precisely determines whether or not there is a *prima facie* case of unlawful conduct.

*Id.* at 2.[2]

■ Though the language of the Board's various pronouncements has created needless confusion, there appears to be a consistent rule in practice. The Board wants the ALJ to make an initial determination as to whether the General Counsel has proved that protected activity was part of the motivation of the employer's conduct. In making that determination, the ALJ may use all of the record evidence. This clearly includes whatever explanation the employer gave to the employees during the episode, and, it apparently also includes the explanation that the employer presented at the hearing. Where the Board draws the line, however, is in the consideration of the employer's affirmative defense. That defense is not to be considered until the ALJ has determined that the General Counsel has presented a *prima facie* case. Thus, the employer's explanation *for the action it took* can be assessed in determining whether a *prima facie* case has been shown, but the employer's affirmative defense as to *the action it would have taken if no improper motivation had existed* cannot be assessed until the *prima facie* case has been proven.

This approach is reflected in a significant passage in the Supreme Court's endorsement of *Wright Line:*

The Board held that the General Counsel of course had the burden of proving that the employee's conduct protected by § 7 was a substantial or a motivating factor in the discharge. Even if this was the case, *and the employer failed to rebut it,* the employer could avoid being held in violation of §§ 8(a)(1) and 8(a)(3) by proving by a preponderance of the evidence that the discharge rested on the employ-

ee's unprotected conduct as well and that the employee would have lost his job in any event.

*Transportation Management,* 462 U.S. at 400, 103 S.Ct. at 2473 (emphasis added) (footnote omitted). The emphasized words indicate that the Supreme Court understood that the employer's explanation at the hearing could be weighed in assessment of the *prima facie* case, and even if the explanation "failed to rebut" the *prima facie* case, the employer would still have the opportunity to try to prove its affirmative defense.

■ It is not clear from *Transportation Management* nor from the various opinions of the Board whether the Board permits the ALJ to consider the employer's explanation in assessing the General Counsel's *prima facie* case even if the General Counsel has not elicited that explanation as part of his "case." Obviously, the General Counsel's *"prima facie* case" cannot consist of evidence that the General Counsel has failed to elicit. The point we sought to make in our original opinion was that the General Counsel's *prima facie* case could not include explanations of the employer that the General Counsel had not elicited. To whatever extent the opinion might be read to imply that the *prima facie* case cannot include assessment by the ALJ of the employer's explanation as elicited by the General Counsel (whether the explanation was offered during the episode or during the hearing), the opinion was a shade too broad. And, if the employer elects to offer evidence rebutting the General Counsel's *prima facie* case (whether or not framed as an affirmative defense), the ALJ is entitled to assess the entire record in determining whether the *prima facie* case remains proven.

■ In practice, the employer's testimony will probably not be particularly precise in distinguishing between the reason for the adverse action actually taken and the reason that would have motivated the adverse action in the absence of protected

**2.** One ALJ has expressed the view that this passage from *Golden Flake Snack Foods* overrules *sub silentio* the *Hillside Bus* line of authority.

*See Electronic Data Systems Corp. & Security Couriers, Inc.,* 305 NLRB No. 26 at 100 (1991).

activity. The employer will simply say, "I fired the employee (or failed to rehire him) because of his poor work performance (or some other valid reason)." But the ALJ must be careful in assessing such evidence. The ALJ can weigh the explanation that the General Counsel has elicited in assessing the *prima facie* case and decide whether a *prima facie* case has been proved. If the case is insufficient, it is dismissed. If sufficient, the ALJ then affords the employer an opportunity to present its defense, both evidence to rebut the *prima facie* case, and the *Wright Line* affirmative defense. The fact that the employer's explanation might not be sufficient to preclude a finding that the *prima facie* case remains does not inevitably mean that the affirmative defense will fail. The ALJ might reasonably conclude that protected activity played some part in the employer's motivation, despite the employer's protestation that it played no part, and still conclude that the employer's explanation has sufficient credibility to support a finding that the employer would have acted on the valid reason in the absence of protected activity.

██ When the case moves on from the ALJ to the Board level, we cannot be certain whether the Board meticulously redetermines the existence of a *prima facie* case or simply considers whether it agrees with the ALJ's ultimate decision. In a court setting, the Supreme Court has questioned the utility of examining the adequacy of a *prima facie* case (meaning evidence that permits an inference of improper motivation), once a case has been fully tried. *See United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 713–16, 103 S.Ct. 1478, 1480–82, 75 L.Ed.2d 403 (1983). But that was a pretext case in which the burden of persuasion remained with the plaintiff throughout the proceeding. In dual motivation cases, once a *prima facie* case (meaning evidence that proves improper motivation) is established, the burden of establishing the affirmative defense shifts to the defendant (the respondent in Board proceedings). So an employer should be able to argue to the Board that improper motivation was not proven

and, in the alternative, that even if improper motivation was proven, the employer has established its affirmative defense. If the employer loses, it should be able to argue to a court of appeals that substantial evidence did not support a Board decision that improper motivation was proven or a Board decision that the affirmative defense was not established. When the Board reviews an ALJ's decision, and when a court of appeals reviews a Board decision, the reviewing bodies should be able to examine the entire record to determine if improper motivation has been shown, just as a reviewing court would examine the entire record on appeal from a bench trial. *See Bituminous Construction Inc. v. Rucker Enterprises, Inc.*, 816 F.2d 965, 967 (4th Cir.1987); *Duval v. Midwest Auto City, Inc.*, 578 F.2d 721, 724 (8th Cir.1978); 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2371, at 221 (1971).

To the extent that our opinion faulted the Board for considering the employer's explanation in the assessment of the *prima facie* case, it was thus a shade too broad. However, since this refinement of our opinion does not alter our conclusion that the Board's decision was not supported by substantial evidence, the petition for rehearing is denied.