**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JIMMIE MCNEAL,
Plaintiff-Appellant,

v.

No. 97-2004

AETNA CASUALTY AND SURETY
COMPANY OF ILLINOIS,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Daniel E. Klein, Jr., Chief Magistrate Judge.
(CA-95-3787-WMN)

Submitted: September 29, 1998

Decided: October 26, 1998

Before WIDENER and MURNAGHAN, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas F. DeCaro, Jr., Upper Marlboro, Maryland, for Appellant.
George E. Reede, Jr., V. Timothy Bambrick, NILES, BARTON &
WILMER, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jimmie McNeal appeals the magistrate judge's denial of his motion to reopen this case.**1** Because we find that McNeal has failed to establish good cause for reopening this action, we affirm the magistrate judge's determination.

On January 30, 1994, a fire damaged a Sizzler restaurant owned and operated by McNeal. McNeal submitted a claim under his insurance policy to Aetna Casualty & Surety Company of Illinois ("Aetna"). Aetna adjusted this claim directly with the owner of the real property, Edgewater Partnership ("Edgewater"),**2** ultimately paying Edgewater $214,861.26. Dissatisfied with the manner in which his claim was adjusted, McNeal initiated this suit against Aetna in the Circuit Court for Baltimore City, Maryland, alleging breach of contract and tortious failure to pay an insurance claim. Shortly thereafter, Aetna removed the action to federal court, moved for partial summary judgment, and demanded an appraisal pursuant to the terms of the appraisal clause in the insurance policy.

In its motion for partial summary judgment, Aetna set forth three arguments. First, Aetna contended that its adjustment with Edgewater, rather than McNeal, was appropriate under the insurance policy. Second, Aetna argued that McNeal was not entitled to recovery under the policy for loss of income because McNeal's lease expired the day of the fire. Finally, Aetna argued that Maryland does not recognize a claim for tortious failure to pay an insurance claim. The district court determined that Aetna's adjustment of the building loss with Edge-

_____

**1** The parties consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C.A. § 636(c) (West 1993 & Supp. 1998).
**2** Edgewater leased the property to Tenly Enterprises, Inc., who in turn subleased the property to McNeal.

2

water was indeed appropriate, but that McNeal would have the opportunity during the appraisal process to prove that he was entitled to additional payment. Moreover, the district court found that, despite the expiration of McNeal's lease, a genuine issue of material fact existed as to whether McNeal had a reasonable expectation of remaining in business after the fire. Finally, the district court agreed with Aetna that Maryland does not recognize, as a cause of action, tortious failure to pay an insurance claim.

Following the district court's rulings, the parties attended an appraisal hearing. The parties' respective appraisers, as well as the umpire, unanimously awarded McNeal $76,921. This award constituted payment for the following: $5000 for the building; $69,040 for business and personal property; $81 for business income; $300 for exterior signs; and $2500 for valuable papers.

Because Aetna agreed to honor the appraisal, the magistrate judge, pursuant to District of Maryland Local Rule 111.1, issued a conditional order dismissing the case. However, McNeal, apparently dissatisfied with the amount of the award, filed a timely motion to reopen the case, arguing that the appraisers had "exceeded their powers." The magistrate judge denied McNeal's motion, stating that he was "simply trying to have the Court review the issues that were decided by the panel [of appraisers] because [McNeal] does not agree with the result."[3] McNeal appeals, claiming that the magistrate judge erred in denying his motion to reopen the case.

Local Rule 111.1 provides, in pertinent part:

> When the Court has been notified by counsel that a case has been settled, the Court may enter an award dismissing the case and providing for the payment of costs. Such an order of dismissal shall be without prejudice to the right of a party to move for good cause to reopen the case within a time set by the Court if the settlement is not consummated.

Because McNeal filed a timely motion to reopen the case, the only question is whether he has established the requisite "good cause."

_____

[3] J.A. at 310.

3

Under Maryland law, in the absence of fraud or mistake, an appraisal award under the usual appraisal clause in a fire insurance policy is binding and conclusive on the parties. [4] "The reason for this doctrine is that an award by [appraisers] is the decision of a tribunal which the parties themselves have created, and by whose judgment they have mutually agreed to abide."[5]

In the instant case, McNeal claims that the appraisers "exceeded their power" because they issued an award that did not conform to the district court's rulings on Aetna's motion for partial summary judgment. First, McNeal contends that the appraisers incorrectly determined that he did not own certain improvements on the premises, "notwithstanding the language in the Memorandum of the District Court in response to the motions for summary judgment, to the effect that certain components of the building were owned by [McNeal] . . . ."[6] Second, McNeal argues that the appraisers "exceeded their powers" in determining whether McNeal had the ability to remain in business after the fire. McNeal claims that the district court had determined that he could recover for lost income if he could prove that he would have remained in business after the expiration of his lease. He asserts that he is entitled to a determination on this point in the district court. We disagree.

While the district court did address these issues in its Memorandum and Order on Aetna's motion for partial summary judgment, the order simply noted that McNeal would have the opportunity to present evidence of loss for building damage and loss of income through the appraisal process. McNeal presented such evidence and, indeed, received awards for each category. Thus, McNeal has not alleged errors which warrant overturning the appraisal award. Accordingly, we hold that McNeal has failed to produce good cause for reopening the case and we affirm the magistrate judge's order.

_____

[4] **Brethren Mut. Ins. Co. v. Filsinger**, 458 A.2d 880, 883-84 (Md. Ct. Spec. App. 1983) (citing Schreiber v. Pacific Coast Fire Ins. Co., 75 A.2d 108, 111 (Md. 1950)).
[5] **Schreiber**, 75 A.2d at 112 (emphasis in original).

[6] Appellant's Br. at 11.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED